THE STATE OF IOWA, Appellee, v. S. E. CARTER, Appellant.

Larceny: JUROR: GROUND OF CHALLENGE. The relation of attorney
1   and client between a juryman and one assisting in a criminal prosecution is not ground for challenge, under Code, section 5360.

Cross-Examination of Defendant: FORMER FELONY. On cross examination of a defendant in a criminal case he may be interrogated as to a former conviction for a specific felony.

Impeachment of Defendant: CROSS EXAMINATION. In a prosecution for larceny the foundation for impeachment of a defendant may be laid by his cross examination in relation to statements made by him which are material to the issues.

*Appeal from Boone District Court.*—HON. J. R. WHITAKER, Judge.

WEDNESDAY, OCTOBER 7, 1903.

INDICTMENT for larceny of twenty-three head of cattle. From a judgment of conviction, defendant appeals.—*Affirmed.*

*Spurrier, Forbes & Mills* for appellant.

*C. W. Mullan*, Attorney General, and *C. A. Van Vleck*, Assistant Attorney General, for the State.

WEAVER, J.—No contention is raised that the evidence is insufficient to support the verdict.    It tends to show that on the night of April 19, 1901, twenty-three head of cattle were stolen from the herd of Ira Luther, in Boone county, and driven eastward to the town of Kelly, in Story county.    At that point appellant was in possession of the cattle, and shipped them to Chicago.    On the trial he sought to explain his possession of the cattle by saying that he met a stranger in Ames, several miles distant from Kelly, who claimed to have a car load of cattle at the latter place which he wished to sell, and that after some negotiation, and having ascertained by telephone that the cattle were in fact in the yards at Kelly, he bought them, paying $800 in cash, and giving his note for $200.    It was shown that on the night of the larceny appellant was in Boone county not far from Luther's premises, where the cattle were kept, and on that day or evening left his boarding place with the statement that he was going to Ames.    These facts, with others given in evidence, abundantly sustain the verdict, and there is no reason for interfering with it, unless we find reversible error in the matters complained of in argument.

I.    In the course of impaneling the jury, one Sparks was called into the box, and was challenged on the ground that Hon. D. R. Hindman, who was assisting the county attorney in the trial of the case, was acting as the juror's attorney in another matter. The challenge was overruled, and error is alleged thereon. In support of this exception we are cited to section 5360 of the Code, which provides that a juror "standing in the relation of guardian and ward, master and servant, landlord and tenant, or being a member of the family of the defendant," is subject to challenge for cause.    The challenge under consideration does not come within the terms of this statute.    The sub-division quoted from has refer-

*I. JUROR:*
*grounds of*
*challenge.*

ence entirely to those relations between the defendant and
the juror which may be made a ground of challenge. If it
had been intended to make the relation between the juror
and counsel a sufficient objection, it was easy to so provide
in specific terms, as has been done in the matter of chal-
lenges in civil cases. Code, section 3688. It may be
furthermore remarked, in reference to the case before us,
that the record does not show that the juror objected to
served upon the trial, or that appellant exhausted all his
peremptory challenges. There was no error in the ruling.

II. The appellant, having testified in his own behalf,
was asked upon cross-examination whether in the year
1897 or 1898 he was not tried and convicted in Warren
county upon a charge of obtaining a man's
signature to a promissory note by false pre-
tenses. Objection to this interrogation being
overruled, the appellant answered: "I do not know
whether I was or not. * * * I do not know as you
would call it convicted. I never served any sentence for
anything of that kind, and never a day in jail or prison in
my life serving time." Appellant concedes that, under
Code, section 4613, "a witness may be interrogated as to
his previous conviction of a felony," but if we understand
the argument of counsel, it is contended that the question
must be substantially in the language of the statute, and
that to ask the witness whether he has ever been convicted
of any specific crime is not allowable. The cases relied upon
by counsel do not announce any such construction of the
statute. In *Hanners v. McClelland*, 74 Iowa, 318, the
question put to the witness was, "Were you ever convicted
of crime?" The objectionable feature of this question is
made clear by the language of the opinion to the effect
that "all crimes are not felonies; hence the question as
framed was improper." In *State v. Brown*, 100 Iowa, 50,
the question was, "Are you not the same Edwin Bird who
was arrested for the burglary at John Rose's?" In con-

2. CROSS-EX-
AMINATION
of defendant:
former con-
viction.

demning this manner of cross-examination, we said: "The fact of being arrested was immaterial, unless there was a conviction." The effect of these decisions is that the cross-examination of a witness along this line must be confined to inquiry concerning his conviction for felony, but they do not hold, nor do we see any reason for saying, the question may not direct the witness' attention to the specific felony of which it is claimed he was convicted. The appellant was asked, in substance, whether he had been tried and convicted of the crime of cheating by false pretenses, which is a felony under the statute, and therefore, as we view it, within the line of inquiry authorized by law.

III. On further cross-examination of the appellant, his attention was directed to the time when he left his boarding place on the evening preceding the larceny, and was asked: "Did you not state there to Nick Plummer that all the money you had in your pocket was seventy-five cents?" He was also asked whether, as he started away that evening, he did not state to Plummer that he was going to Kelly, but being short of money, would stop at a Mr. Judges, in the country, and thus avoid hotel expenses; also, whether he did not say to the same person that he would take the road north, and then east, because upon the road south and east there was a slough that he did not wish to pass through. All these questions were allowed over appellant's objections to their materiality, and on rebuttal the state was permitted to call Plummer, who testified that appellant did, at the time and place specified, make the statements to which his attention was called. It is said in argument that a witness cannot be impeached by calling out his answers upon immaterial matters, and then proving the falsity of such answers. The rule as stated is elementary, but the matters to which the witness' attention was directed were clearly material. It is appellant's

*5. IMPEACHMENT of defendant: cross-examination.*

claim that on the evening in question he had at least $800 in money upon his person, with which he purchased the stolen cattle on the following morning.   He also testifies that on leaving his boarding place that evening he intended to go, and did in fact go, to Ames, and not to Kelly, and attempts to describe minutely his movements from the time he started until the next morning.   If, then, he said to the witness Plummer he had little or no money, or that he was going to Kelly, and gave a reason for taking the north road instead of the south road to that town, we think the statements were so far inconsistent with the story told by him on the witness stand that the prosecution could rightfully inquire into them upon cross-examination, and upon his denial thereof to introduce impeaching testimony.

No other error is presented for our consideration.   So far as the record shows, appellant had a fair trial.   His guilt was established beyond a reasonable question, and no sufficient cause is shown for interference with the verdict of the jury.

The judgment of the district court is AFFIRMED.