## Baltimore & Ohio Southwestern Railroad Company v. Robert B. Stewart.

1. NEGLIGENCE—*how much of charge of, must be proven.* It is not incumbent upon a plaintiff to prove more than one of the averments in his declaration; it is sufficient if he proves that the defendant did any one of the wrongful acts or was negligent in any one of the ways charged in the declaration, and that such negligence contributed to the injury complained of.

2. MEASURE OF DAMAGES—*in action for injury to crop.* Where the crop is not up, the damage should be estimated upon the basis of the rental value and the cost of seed and labor in preparing the ground and planting the crop; where the crop is up, but not so far matured that the product can be fairly determined,

the injured party can recover in addition to the above, the cost of any labor bestowed after the planting; where the crop is more or less matured so that the product can be fairly determined, the value of the crop at the time of the loss is the measure of damages, and it is only where the crop is fully matured and ready to be harvested, that the damage can be determined by the market value of the crop, less the cost of harvesting and marketing, which must include all care and preparation for marketing, such as packing, crating, baling, threshing and the like, according to the nature of the crop.

Action in case. Appeal from the Circuit Court of St. Clair county; the Hon. Benjamin R. Burroughs, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

Kramer & Kramer, for appellant; Edward Barton, of counsel.

Victor K. Koerner, Kent Koerner and W. K. Koerner, for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair county, by appellee against appellant, to recover damage to the crops and possessions of appellee, caused by the overflowing and flooding of his fields and farm, alleged to have resulted from wrongful and negligent acts of appellant. Trial by jury. Verdict in favor of appellee for $1,499.75. *Remittitur* of $299.75. Judgment on the verdict for $1,200.

The declaration charges that appellee owned a leasehold estate in 931 65/100 acres of farm land and was in possession of the same, cultivating crops therein and using it for agricultural purposes; that there flowed through this land a well-defined stream of water of sufficient width, depth and capacity to at all times carry off all water and drift draining and flowing into and through it, without overflowing its banks; that appellant obstructed that stream, and changed its natural course and direction for the distance of about one mile,

by means of a ditch of insufficient capacity to carry the water and drift, and that the ditch was negligently allowed to become clogged and obstructed, and that by reason of the alleged wrongful and negligent acts on the part of appellant, the water was caused to flow over appellee's land and stand on it and destroy and damage his crops, wash away his dike and carry and deposit drift upon his premises.

Appellant contends that this case falls under the rule that, "a tenant leasing land which is subject to recurring injuries from overflows and damage to crops occasioned by lawful and permanent causes existing when he leased the land, is a volunteer, taking it subject to such damages, and with no right of action to recover for the same." In this view of the case we cannot agree with counsel. The causes alleged, and which the testimony tends to prove, are neither "lawful nor permanent," within the meaning of the rule.

Counsel further insist that there can be no recovery in this case, because there is no proof that appellant was notified to abate the nuisance before the injury complained of occurred, and they cite the rule: "Where a party comes into possession of land as grantee with an existing nuisance upon it, he cannot be held liable to an action for damages until he has been notified to remove it." This rule does not apply to this case, for the reason that the declaration avers, and the evidence tends to prove, that appellant itself and not its grantor did all the acts complained of. The ditch was dug and the course of the stream changed in the summer of 1902, by appellant, after it had acquired possession of the railroad and its right of way.

Counsel state that there is no evidence tending to prove that appellant obstructed the stream, and therefore the court should have directed a verdict for defendant. Without discussing whether or not the evidence tends to prove that fact, it is sufficient here to state that the declaration avers not only that appellant

obstructed the stream, but that it changed its natural course and direction, and also that it negligently allowed the new channel to become clogged and obstructed.

It is not incumbent upon a plaintiff to prove more than one of the averments in his declaration, relative to wrongful acts or negligence of the defendant. It is sufficient if he proves that the defendant did any one of the wrongful acts, or was negligent in any one of the ways charged in the declaration, and that such act or negligence contributed to plaintiff's injury as charged. C. & E. I. R. R. Co. v. Rains, 106 Ill. App. 539. This view of the case we think also disposes of the question of variance raised by counsel in this connection.

Counsel call our attention to the fact that the declaration avers that appellee was the owner of the crops destroyed, and they insist that the evidence shows that appellee's nephew was the owner of one-fourth of the crops. The evidence shows that this nephew was acting as manager of the farm for appellee, and was to have as compensation for his services, one-fourth of the crops raised. His statement of the contract under which he served appellee is: "If I raised nothing I made nothing; I was to have a portion of the profits; I was to have one-fourth of what was raised on the place." Under the contract no title or ownership in the crop would pass to the nephew until the crop was matured.

Counsel contend that the 1st and 4th instructions given on behalf of appellee are erroneous, because they assume that the natural water course was changed. If it be conceded that the instructions, or either of them, might be understood by the jury, as counsel contend, still, under the evidence in this case, the giving of them would not be error. The wholly undisputed evidence proves the facts that the natural water course had been changed, and that appellant changed it. It is never

error to assume, in an instruction, a fact that has been clearly established in the case, by uncontradicted evidence.

Counsel criticise appellee's second instruction, and say that it authorizes the jury to find for appellee, although they might believe that the stream was obstructed by nature, as was appellant's contention on the trial, and that it does not limit the jury to the damages caused by the construction and maintenance of the ditch. If the instruction stood alone, there would be much force in the charge made against it, but any defect that may be found in that instruction, in the respects complained of, we think is fully cured by the 7th, 8th and 9th instructions given on behalf of appellant.

Appellee's 3rd and 5th instructions are the same, except the 3rd applies to the first count of the declaration, and the 5th applies to the second count. These instructions are challenged and are as follows:

''3. The court instructs the jury that if they find for the plaintiff on the first count of the declaration, they should assess his damages upon the following basis: As to that part of plaintiff's land upon which no crop was yet up, they should take into consideration the rental value of said land and the cost of seed and labor expended by plaintiff thereon, if any is shown by the evidence. As to that part of plaintiff's land upon which a crop was up and more or less matured, they should take into consideration what they believe from the evidence the reasonable market value of such crop at maturity would have been, deducting therefrom the reasonable cost of harvesting and marketing such a crop, as shown by the evidence.''

These instructions do not lay down the correct rule for assessments of damages in such cases. The true rule is: ''Where the crop is not up, the damage should be estimated upon the basis of the rental value and the cost of seed and labor in preparing the ground and planting the crop; where the crop is up, but not

so far matured that the product can be fairly determined, the injured party can recover, in addition to the above, the cost of any labor bestowed after the planting; where the crop is more or less matured so that the product can be fairly determined, the value of the crop at the time of the loss is the measure of damages, and it is only where the crop is fully matured and ready to be harvested, that the damage can be determined by the market value of the crop, less the cost of harvesting and marketing, which must include all care and preparation for marketing, such as packing, crating, baling, threshing and the like, according to the nature of the crop.''

In this case none of the crop was matured. The wheat, which constituted a large item, was the furthest advanced, and it had only reached the stage where ''it was about ready to head.'' We are of opinion the court erred in giving the third and fifth instructions, given on behalf of appellee.

Counsel complain of the action of the trial court in refusing to give a number of instructions asked on behalf of appellant. In our opinion there was no error in refusing these instructions. Our views concerning the subjects covered by them are fully disclosed by what has already been said in this opinion.

For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*