Kristin A. VIVION, Appellant
(Defendant below),

v.

Dennis F. BRITTAIN, Appellee
(Plaintiff below).

No. 4167.

Supreme Court of Wyoming.

May 21, 1973.

John A. MacPherson and T. Michael Golden, of Brimmer, MacPherson & Golden, Rawlins, for appellant.

John E. Stanfield, of Smith, Stanfield & Mendicino, Laramie, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This was a personal injury and property damage action arising out of a motor vehicle accident. A jury of six[1] found in favor of the plaintiff and assessed the amount of his recovery at $30,000, for which judgment and costs were entered and from which this appeal was taken.

The collision of plaintiff's and defendant's automobiles took place at the intersection of 18th and Garfield Streets in the City of Laramie, Wyoming, at approximately noon on Saturday, October 21, 1967. The day was clear and the road was paved and dry. The plaintiff was proceeding north on 18th, which was a through street, and the defendant was proceeding east on Garfield. There was a stop sign on Garfield which the defendant did not see. She proceeded through the stop sign without stopping and struck plaintiff's vehicle, which vehicle turned over and came to rest on its top. It was stipulated that the damage to the plaintiff's automobile was $1,936.89, his loss of wages $1,188.89, and his medical and hospital expenses $353.71. No separate award was made for those

---

1. Section 1–103.1, W.S.1957 (1971 Cum. Supp.), provides: "The number of jurors in civil cases and in all other proceedings except criminal cases shall be six (6) unless one of the parties to the action files a written request within the time a demand for jury may be filed, requesting that the number of jurors shall be twelve (12) in which event the number of jurors shall be twelve (12)."

damages and they were included in the $30,000 judgment.

The three points raised by the defendant on appeal were that one juror, as a convicted felon, was incompetent to serve; that the same juror, when asked on voir dire, failed to disclose his involvement in a personal injury law suit; and that the damages were excessive.

The jury returned its verdict on June 13, 1972, and judgment was entered on June 16, 1972. On June 26, 1972, the defendant filed a motion for new trial setting forth as one of the grounds that one of the jurors was not competent to serve because he was a convicted felon, and referred to § 1–78, W.S.1957, which provides:

"A person is not competent to act as juror: * * * who has been convicted of * * * any felony * * *."

Attached to the motion were certified copies of criminal proceedings conducted in the Federal District Court of the United States for the District of Wyoming showing the juror had in 1948 pleaded guilty to the charge of theft from an interstate shipment. The imposition of sentence was suspended and the juror was placed on probation for three years. Because of his good conduct the juror was discharged from probation nine months prior to the expiration of the three year period.

The defendant argued that this court had not heretofore had occasion to decide this issue and urged that we adopt the rule followed in a long line of Texas cases that "If, upon motion for new trial, it is shown that a juror was disqualified to act as a juror under a statutory provision covering conviction of a felony, then a new trial must be ordered, without regard to a showing of injury or probable injury or of consent or waiver." She cited a Texas case, Ex parte Bronson, 158 Tex.Cr.R. 133, 254 S.W.2d 117, in which that court stated it

had consistently construed statutory provisions covering disqualification grounds as providing an absolute disqualification of a felon for jury service. Since that case, as well as others of which we are aware, considered the statutory provisions we must look to the various statutes. The Texas statute provided that the fact a person had been convicted of a felony rendered him incapable or unfit to serve on a jury *even though both parties may have consented*. The specific provision that the disqualification cannot be waived even though both parties may have consented is rather unique and seems to appear only in the Texas criminal statutes. Since our statute has no such limitation as the Texas criminal statute, any case construing their statute is not applicable or persuasive. Texas civil jury statutes [2] do not have such a provision, and there are Texas cases holding that statutory disqualifications may be waived. Mitchell v. Burleson, Tex.Civ. App., 466 S.W.2d 646, 658; Coca Cola Bottling Company v. Mitchell, Tex.Civ. App., 423 S.W.2d 413, 417–418; DeLeon v. Longoria, Tex.Civ.App., 4 S.W.2d 222, 225; Travelers' Ins. Co. v. Peters, Tex. Civ.App., 3 S.W.2d 568, 571; San Antonio & A. P. Ry. Co. v. Gray, Tex.Civ.App., 66 S.W. 229, 232.

The general rule is that objection to a juror because of his statutory disqualification may be waived. 47 Am.Jur.2d, Jury, § 219, p. 808; 50 C.J.S. Juries § 251, pp. 1009, 1011. The supreme court of Oregon in interpreting a statute similar to ours and in a factual situation quite like that at hand held in a criminal case that incompetence because of conviction of a felony could be waived. State v. Benson, 235 Or. 291, 384 P.2d 208, 210. The Montana supreme court has also held that such a disqualification may be waived. Stagg v. Stagg, 96 Mont. 573, 32 P.2d 856, 864. See also Ford v. United States, 5 Cir., 201 F.2d

---

2. The Texas statute on civil juries, Vernon's Ann.Civ.St., art. 2133, pp. 100–101, provides: " * * * No person shall be qualified to serve as a juror who does not possess the following qualifications:

* * * 3. He must be able to read and write, * * * 5. He must not have been convicted of felony. 6. He must not be under indictment * * * of any felony. * * * "

300, 301. We are therefore of the opinion that our statute does not render a convicted felon ipso facto incompetent to serve as a juror.

Although the defendant contended before this court that she was unaware the juror was a convicted felon until after the verdict was rendered, no such claim was made in the motion for new trial. She also contended the jurors had been selected from a panel which had earlier at the start of the term been qualified under the Wyoming statutes by the county attorney, and that the said juror had failed to respond when the panel was asked if any of the members had been convicted of a felony. The defendant did not cite nor are we aware of any statutes which require the county attorney to inquire into the qualification of a jury panel. The record does not show that such inquiry was made by the county attorney, and it therefore follows that no showing was made that any member of the jury panel was asked if he had ever been convicted of a felony.

The record does contain a transcript of the voir dire proceedings. There were 12 prospective jurors passed for cause and then, according to agreement between the parties, each party excused three persons so that six jurors remained. Counsel agreed to the jury of six thus selected and stipulated they did not want an alternate and, further, in the event that one or more jurymen was unable to sit the entire case they would accept the verdict of the remaining jurymen.

■ Parties to an action are entitled to a fair and impartial jury. Redwine v. Fitzhugh, 78 Wyo. 407, 329 P.2d 257, 260, 72 A.L.R.2d 664, reh. den. 78 Wyo. 426, 330 P.2d 112; 50 C.J.S. Juries § 208, p. 944. The method of determining if a juror is qualified and can reasonably be expected to be fair and impartial is through voir dire examination. Rule 17 of the Uniform Rules of All District Courts of Wyoming, although not in effect when this case was tried, recognized this principle wherein it states:

"a. The only proper purpose of voir dire of jurors is to select a panel of six jurors in a civil case—twelve jurors if specific demand is made and twelve jurors in a criminal case, who will fairly and impartially hear the evidence presented and render a just verdict and to determine the ground for any challenge for cause prescribed by Sections 1–121 (civil) or 7–224 (criminal), W.S. 1957, as modified by judicial decision. * * *" [3]

■ There is nothing in the record to show that any member of the jury was ever asked any question which would elicit from them any answer as to their statutory jury qualifications under § 1–78. Under the circumstances we hold that defendant waived any objection to the qualification of this juror because of his previous felony conviction. See 66 C.J.S. New Trial § 23, p. 116.

On voir dire examination counsel for the plaintiff asked the jury panel if they or their families had ever been involved in a law suit for "personal injuries." There was no response by any of the panel members. In her supplemental motion for new trial defendant asked that the judgment be set aside because the felon juror had, together with his wife, been previously involved in litigation. In support of the motion certified copies of court records of the District Court of Carbon County were attached. They showed that in 1953 this juror filed suit for damages to his automobile as a result of a collision and, at the same time, his wife filed suit alleging certain damages for medical and related expenses, and pain and suffering. Answers to the two actions were filed by the same

---

3. Section 7–224, W.S.1957, provides that the same challenges for cause shall be allowed in criminal prosecutions as are allowed to parties in civil cases. Section 1–121, W.S.1957, states that one of the challenges for cause that may be taken is for want of any of the qualifications prescribed by statute.

firm that represented the defendant in the present case.

■ While it is not a statutory ground for challenge for cause that a juror or his family had been involved in personal injury litigation, such information may lead to further questions to determine if such involvement had caused the juror to form such an attitude or opinion so as not to be fair and impartial. Therefore, a juror's false answer as to whether he or a member of his family had brought such an action may be ground for a new trial where the falsity of the answer was discovered after the verdict and may have deprived the party of a fair trial. 58 Am.Jur.2d, New Trial, § 48, p. 238.

The previous action filed by the juror was strictly for damages to his automobile and was principally an insurance company subrogation. While the term "personal injury" is subject to various interpretations and meanings we find no authority to indicate that its usual meaning would encompass damages to an automobile. It is therefore questionable that the defendant has shown that the juror was himself involved in a "personal injury" lawsuit. Although our discussion will therefore be directed primarily to the juror's wife's prior litigation, it is equally applicable to the juror himself.

■ We think here there was no abuse of discretion by the trial court for refusing to grant a new trial for several reasons. There was no allegation that the defendant did not know of the juror's involvement in prior litigation until after the verdict. The trial court would also have been justified in refusing to grant a new trial for the reasons that there was a waiver of the right to object, that the former action was remote in time, and that the question was not specific.

Here the same law firm which represented the defendant in this case also represented another defendant in the prior case in which the juror and his wife were parties. Even if we were to hold that this does not charge the defendant with the knowledge of such fact, we would have to say there was a lack of diligence in failing to discover such information. Also, as here, where there were only twelve persons on the jury panel, it would have been a comparatively simple matter to have checked the alphabetical records at the office of the county clerk for Carbon County to determine if any of the panel members had been involved in any prior litigation in that county district court which would have revealed this particular juror's prior litigation. It appears that counsel for the defendant either knew the juror or made some inquiry into his background because on voir dire examination counsel asked if any of the jurors other than the juror in question had been involved in law enforcement in any way. There was therefore a reasonable basis on which to hold that there was a waiver of objection to the juror for lack of diligence to discover the basis for objection. See Annotation, 38 A.L.R.2d 624, 628, § 5, 32–39 A.L.R.2d Later Case Service 698 (1969), and 1972 Later Case Service Supp., 32–39 A.L.R.2d 108; also 50 C.J.S. Juries § 250, p. 1008, and 58 Am.Jur.2d, New Trial, § 16, p. 200.

The trial court could have denied the motion for new trial upon the ground that the previous litigation of the juror was remote in time. This previous litigation was in 1953, while the trial of the case in question was in 1972. A lapse of 19 years, when considered together with the nature of the prior litigation, could well have been determined to have been remote. See Annotation, 38 A.L.R.2d 624, 643, § 13.

The term "personal injury" is subject to many meanings and interpretations and at best is a word of art of the legal profession. It would be asking too much to expect a layman to have any accurate or meaningful understanding of the term. It is therefore entirely possible that the juror did not answer the question because he did not understand the meaning of the question. See Annotation, 38 A.L.R.2d 624, 647, § 15, and De Rosier v. United States, 8 Cir., 407 F.2d 959, 963.

The trial court would therefore have been justified in denying the defendant's motion for new trial for any of the reasons set forth, and there was no abuse of its discretion in so doing.

The defendant argued that the damage award was so excessive and unreasonable as to indicate passion or prejudice on the part of the jury. Stipulated damages totaled $3,479.49, and the balance of the judgment of $30,000, or $26,520.51, was, according to the parties, awarded for pain and suffering. The plaintiff also contended that such pain and suffering led to certain disabilities. In arguing this point the defendant cited only the testimony and evidence favorable to her contentions and ignored the often repeated rule of this court concerning the evidence of the successful party. When we look at such favorable evidence we find that plaintiff as a result of this accident received permanent cervical injuries and a dislocated shoulder, and that he had a constant ache in his neck and increasing discomfort in his shoulder. As a result of his injuries he missed six weeks of work, had his arm in a sling for three weeks, and his neck in a brace for six weeks. He was 32 years old at the time of the accident and had a stipulated life expectancy of 37.235 years. An orthopedic physician called as an expert witness by the plaintiff testified that his injuries were permanent and that on some days he would feel better and on other days he would feel worse. We cannot say the award was so excessive and unreasonable as to indicate passion or prejudice on the part of the jury. We must therefore hold that the jury was within the bounds of its sound discretion in the grant of the award to the plaintiff. Fitzsimonds v. Cogswell, Wyo., 405 P.2d 785 at 787.

The verdict and judgment are affirmed.