(No. 5877—

ETHEL H. EMERSON, Claimant, *vs.* STATE OF ILLINOIS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed March 19, 1975.*

COHN, KOREIN, KUNIN & BRENNAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PERLIN, C. J.

This is an action to recover for water damage to the interior of claimant's home, incurred on July 9, 1969.

Claimant charges that in grading a hill to the rear of her home while constructing a right of way for an interstate highway, Respondent negligently altered the natural flow of rainwater on claimant's property, causing water to accumulate in her back yard and flood her house.

In early 1969, respondent began construction of Interstate 64 to the rear of claimant's property at 8904 Meyer Drive in St. Clair County, Illinois. Claimant had lived at that address since 1962, and her house had never previously flooded. During the course of constructing the highway, respondent graded a hill on claimant's property behind her home. The hill, which had been approximately 30 feet high, was covered with vegetation and rainwater draining off the hill had always flowed away from claimant's home in a westerly direction.

Claimant testified that in regrading the hill, respondent left large quantities of excess dirt in her back yard to the south and west of her house. This dirt compacted and caused rainwater, which would otherwise have flowed away from her house to the west, to accumulate in her back yard and ultimately flood her house through a rear window.

Claimant stated that her basement flooded after heavy rains on both June 22, 1969, and on July 9, 1969. Claimant specifically complains of the damage caused by the July 9 flooding when she said approximately two inches of water and a yellow, clay-like substance accumulated in her basement. Claimant testified that as a result of the flooding on July 9, the vinyl tile in two rooms of her home was ruined, and various furnishings were damaged. It is estimated that installing a new vinyl floor would cost approximately $650 and claimant alleges additional incidental damages. There is no testimony as to the depreciated value of the items involved.

Claimant introduced into evidence several photographs showing damage to the interior of her home as a result of the flooding, as well as photographs showing the effects of respondent's grading on the terrain surrounding her home. Claimant said that after the flooding on July 9, she herself dug a trench through the dirt which respondent had permitted to accumulate in her yard. This permitted the water to run off from her yard and she said that she thereafter had no more problems with flooding.

Richard Straub and Carl Schlosser, engineers working on construction of Interstate 64, inspected claimant's home in response to her complaints of flooding. Straub testified for respondent that after claimant experienced flooding on June 22, he had ordered the grade of the hill to the rear of her property reduced an additional two feet to the approximate level of the grade of her back yard.

Both Straub and Schlosser testified that when they visited claimant's home on the evening of July 9, 1969, they found the basement flooded, but they attributed the flooding to a drainpipe which was discharging into the window well of claimant's home. Straub and Schlosser also said that they felt that the grading of the hill had improved the drainage on claimant's land.

Testifying in rebuttal, claimant said that the flooding could not have been caused by the drain discharging into the window well, because a drain in the window well carried the water underneath her home through a system of tiles.

It has long been established that one who negligently alters the natural flow of water on the property of an adjacent landowner, and thereby causes damages, is liable to the adjacent landowner. See, *Eimes* v. *Cleve-*

*land, Cincinnati, Chicago, and St. Louis Railroad,* 158 Ill.App. 557; *Baltimore and Ohio Southwestern Railroad Company* v. *Stewart,* 128 Ill.App. 270. Respondent does not contest this proposition, but argues that claimant has failed to establish either that respondent did alter the natural flow of water on her property, or that respondent's negligence caused injury to claimant. In substance, respondent asserts that the testimony of Straub and Schlosser to the effect that the flooding was not caused by the grading, but by the downspout discharging into claimant's window well, establishes respondent's freedom from fault.

We find, however, that claimant has proved by a preponderance of the evidence that in grading the hill to the rear of claimant home, respondent negligently altered the natural flow of rainwater off claimant's land, and that this was the proximate cause of the damage to her house. Claimant had lived in her home for seven years without incident prior to the construction of Route 64, and it was only after respondent began grading the hill to the rear of her property that she experienced flooding. The photographs introduced into evidence by Claimant demonstrate that soil was permitted to accumulate in Claimant's yard, blocking the natural flow of water away from her property. Further, claimant testified that after she dug a channel through the accumulated soil for the rainwater, she was not thereafter troubled with floodings. Claimant also stated that a drain at the bottom on the window well, into which rainwater flowed, carried water away from the home. The conclusion is compelling that respondent's grading of the hill behind claimant's home caused the flooding.

Claimant is hereby awarded the sum of $700.00.