(132 So. 601)

## HOLLAND v. STATE.

1 Div. 951.

Court of Appeals of Alabama.

Feb. 24, 1931.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The indictment charged murder in the first degree. At the trial the solicitor, with the approval of the court, took a nol. pros. as to the charge of murder· in the first degree, and the cause proceeded to trial on the charge of murder in the second degree. The verdict of the jury found the defendant guilty of manslaughter. The evidence for the state tended to sustain the charge of murder, and that for the defendant tended to establish the plea of self-defense. The evidence being in conflict, the general charge was properly⸱ refused.

The deceased came to his death as the result of a knife wound inflicted by defendant at about 1 o'clock at night. The state, over the objection of defendant, was permitted to prove by the sheriff that the next. day he found the body on the back seat of an automobile, at the scene of the fatal difficulty, and that there was no knife on or about the body. The evidence for defendant tended to prove that deceased had a knife at the time of the difficulty, and that in the difficulty deceased had cut at-defendant, cutting his shirt in two places. The shirt of defendant with two places cut was exhibited to the jury. It is insisted that the testimony of the sheriff that he found no knife on or about the person of deceased on the day following the night of the difficulty, is too remote to be relevant to the issue being tried.· The evidence was negative and of little probative force, and, while somewhat remote from the time of the fatal difficulty, we hold that it was not improper to allow the sheriff of the county to testify as to the surroundings at the time he found the body. This would include a description of the locus in quo and everything connected with it which would shed any light on the killing. In view of defendant's testimony that he was attacked by the deceased with a knife. the absence of a knife on or about the person of deceased in the automobile, at the place where the difficulty occurred, though negative in character, is relevant, in the absence of testimony showing or tending to show a change in the surrounding conditions. Eden v. State, ante, p. 37, 129 So. 797; other authorities 15 Alabama and Southern Dig. Homicide, ⬅⮫174 (2).

Before there had been any evidence of self-defense offered, the defendant offered to prove by defendant's father an uncommuni-

Norborne Stone, of Bay Minette, for appellant.

cated threat claimed to have been made in the presence of one Jernigan and communicated to defendant's father. In the first place, this was hearsay, and, in the second place, it was prematurely offered. As to the second objection, the defendant stated to the court that he expected to offer evidence of self-defense so as to make the testimony relevant. This may be done in order to facilitate the trial, but is always in the discretion of the court.

In his argument to the jury, one of the attorneys representing the state said: "Human life has become too cheap in Alabama." There was objection and exception to this remark, whereupon the court said: "I will give you the exception. I think so too." We hold that the statement of the attorney was not objectionable. The remark was the expression of an opinion based upon common knowledge as to conditions, and was not the statement of a fact not in evidence. The ruling of the court on the objection was free from error. But the remark of the judge made in connection with the ruling is very different. Being given its full interpretation, this statement is to say to the jury: "I think human life has become too cheap in Alabama." Remarks made by a trial judge in the presence and hearing of the jury in making rulings incident to the trial, will have the same effect as formal instructions. West v. State, 55 Fla. 200, 46 So. 93; Lewis v. State, 55 Fla. 54, 45 So. 998. Where such statement by the court, however unintentional, is made in the presence and hearing of the jury, it is calculated to impress the jury so that, in its deliberations, it will lean more to a conviction than to an acquittal, and is so improper as to constitute reversible error; such statement is in a sense an invasion of the province of the jury in its consideration of the evidence. The duty of the presiding judge is performed when he declares the law on questions legitimately presented, and side remarks not called for by the ruling, and calculated to impress the jury adversely to defendant's cause, are erroneous. Meinaka v. State, 55 Ala. 47. "It may be thought that the criticism of the court is too restricted and technical; but the principle involved is of such paramount importance, it would be dangerous to permit the least infringement of the rule to pass without correction." Griffin v. State, 90 Ala. 596, 8 So. 670, 673; Williams v. State, 18 Ala. App. 573, 93 So. 284. The per curiam opinion of the Supreme Court in Moulton v. State, 199 Ala. 411–415 et seq., 74 So. 454, so fully expresses our views on the question of unnecessary remarks by the court during the trial of a criminal case that we again adopt it as the opinion of this court, as was done heretofore in Owens v. State, 19 Ala. App. 621, 99 So. 774.

Refused charges 18 and 3 ignore the doctrine of "freedom from fault and retreat."

Refused charge 4 is elliptical.

Refused charge 15 was approved in hæc verba by this court in Black v. State, 5 Ala. App. 87, 59 So. 692. See, also, Twitty v. State, 168 Ala. 59, 53 So. 308.

Refused charge 12 is approved by the Supreme Court in Ex parte Johnson, 183 Ala. 88, 63 So. 73.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.