34 So.2d 183
## CHAMPION v. STATE.
### 7 Div. 921.

Court of Appeals of Alabama.
Feb. 24, 1948.

Ellis & Fowler, of Columbiana, for appellant.

A. A. Carmichael, Atty. Gen. and Richard S. Brooks, Asst. Atty. Gen., for the State.

**HARWOOD, Judge.**

This appellant was indicted for murder in the second degree. A jury trial resulted in a verdict of guilty of manslaughter in the second degree, a sentence of twelve months imprisonment at hard labor and a fine of $500 being fixed as the penalty.

The evidence is clear that this appellant killed two young ladies who were walking down a highway in Shelby County by running into them with an automobile. The tragedy occurred at about midnight.

Evidence introduced by the state tends to show that the two young ladies who were killed were walking arm in arm on the extreme left side of the highway about 40 feet in front of another couple, Mrs. Doris Johns and Sidney Shaw. This latter couple were also on the extreme left side of the highway, Shaw being on the right of Mrs. Johns.

The car driven by appellant approached from the rear. It passed so close to Shaw that it struck his right arm, continued on and struck the two girls. After it struck the two girls the car then veered to the right, struck a guard cable, veered back to the left and hit the end of a bridge.

The state also introduced witnesses who testified that the appellant was drunk at a football game when observed about two hours before the above occurrence, and that he was drunk when seen about fifteen minutes afterwards.

The appellant testifying below in his own behalf admitted that he had taken three drinks at the football game, and a fourth just before starting on the drive that ended so fatally. He contended however that he was not drunk, but that the tragedy resulted when, upon observing the two girls walking near the middle of the highway he applied the brakes and the automobile thereupon went out of control, veering from one side of the road to the other before it struck the girls.

The ruling of the trial court as to the admission or rejection of testimony was invoked a number of times. We have considered each such ruling, and in our opinion the ruling was in each instance palpably correct and based on such well established rules of evidence that no useful purpose would result in any detailed discussion of them.

In their brief counsel for appellant earnestly insist that the lower court erred in refusing appellant's motion for a new trial on the grounds that the solicitor's argument contained prejudicial and inflammatory remarks.

400

In this regard the record shows the following:

"By Mr. Ellis: We object to that argument: 'That is giving a right to these drunken drivers to go out and devour everybody they meet on the highway.'

"By the Court: Sustain the objection. Gentlemen of the jury that is. not argument in this case.

"By Mr. Ellis: We ask the Court to instruct the jury that is not proper argument.

"By the Court: Gentlemen of the Jury that is improper argument.

"By Mr. Ellis: We object also to the argument: 'That is putting a price on human life' and ask the Court to declare a mistrial on account of the two rash statements of the Solicitor.

"By the Court: Gentlemen of the Jury that is not proper argument; don't consider that argument Gentlemen of the Jury. I deny your motion Mr. Ellis.

"By Mr. Ellis: We except.

"By Mr. Ellis: We object to that argument: 'What price are you going to put on this young lady's life' as being improper, and we move for a mistrial on account of that and the other argument the Solicitor made.

"By the Court: Gentlemen that argument is improper. I deny your motion for a mistrial.

"By Mr. Ellis: We except.'

It is noted that in each instance the court sustained appellant's objection to the alleged improper argument and instructed the jury to the effect that such argument was improper.

Without considering the sufficiency of the court's action in the premises, that is whether the jury was admonished with sufficient vigor so as to eradicate the harmful effect of the alleged improper argument, it is our opinion that even had the court overruled appellant's objections to the above argument no error justifying a reversal of this case would have resulted.

Society has a valid and strong interest in enforcement of criminal laws, not only in seeing that punishment is meted to the guilty, but also that such punishment will have a protective influence toward all citizens in its deterrent effect on law violations. It is the duty of the solicitor to exercise his full powers toward these ends. In exhorting a jury to do its legal duty his efforts should not be so encompassed as to destroy their effectiveness. Even the fragmentary character of the arguments above objected to indicate to us that they are nothing more than the opinion of the solicitor based on knowledge common to all reasonable people. Such argument is not improper. Holland v. State, 24 Ala.App. 199, 132 So. 601; Floyd v. State, 22 Ala.App. 347, 116 So. 318; Whitfield v. State, 22 Ala.App. 556, 117 So. 761; Allen v. State, 249 Ala. 201, 30 So.2d 483. Further, as stated by our Supreme Court in Arant v. State, 232 Ala. 275, 167 So. 540, at page 544, "Such statements are usually valued by the jury at their true worth * * * and not expected to become factors in the formulation of their verdicts."

Some 19 written charges were given the jury by the court at the request of appellant, and six such requests were refused.

These charges are unnumbered, but we have numbered them in the order in which they appear for convenience of discussion.

Refused charges numbers 1 and 3, pertaining to manslaughter in the first degree, are abstract under the verdict rendered.

Refused charges 5 and 6 were affirmative in nature and properly refused under the evidence adduced.

Refused charge 2 was invasive of the province of the jury and properly refused.

Refused charge 4 was an incorrect statement of the law involved in that it omits the element of death resulting from non-felonious illegal act.

In our opinion this record is free of error injuriously affecting the substantial rights of this appellant and this cause should be affirmed. It is so ordered.

Affirmed.