42 So.2d 480

## DOSWELL v. STATE.

### 4 Div. 89.

Court of Appeals of Alabama.
June 21, 1949.

Rehearing Denied July 19, 1949.

---

1. Ante, p. 272.

J. N. Mullins, Jr., and J. N. Mullins, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant, George W. Doswell, was indicted for the murder of his son, John Ivey Doswell. His jury trial resulted in a verdict and judgment of guilty of manslaughter in the first degree and sentence to the penitentiary for a term of five years.

The evidence tends to show that the appellant and his deceased son occupied houses in close proximity in Henry County.

Late in the afternoon of June 12, 1948 the deceased and one Frank Roland were at deceased's home and both were drunk.

Mrs. Bessie Doswell, wife of the deceased, accompanied by Mrs. Jeraldine Woodham, sister of deceased, and daughter of appellant, saw appellant, and Mrs. Bessie Doswell told appellant that "she had cooked dinner under a shotgun," and that she did not know what she was going to do.

Mrs. Woodham returned with Mrs. Bessie Doswell to her home. At this time Mrs. Roland and others were escorting Roland away.

The deceased came out of his house and sat on a concrete block located near the corner of appellant's garden.

The appellant walked in his garden to a point near the deceased, a fence separating them. According to Mrs. Bessie Doswell the appellant shook his fist at deceased and told him in substance that he, appellant, had worked hard to get his place and deceased was not going to run him off.

The deceased then went up by the side of the fence, and into appellant's garden through a gate, and approached appellant.

According to witnesses for the State the appellant shot deceased as he was some five or six feet away. One shot was fired which hit deceased in the cheek. His death resulted quickly.

Witnesses for the defense testified that at the time deceased was shot he had attacked appellant and was in the act of choking him.

The defense introduced evidence tending to show that deceased was a strong man 36 years of age, weighing around 165 pounds, and that he was violent, turbulent, and dangerous when drinking.

The appellant was 69 years of age and weighed around 130 pounds, and was in frail condition due to some prior accident.

The only inference that can be drawn from the evidence in this case is that this killing occurred within the curtilage of appellant's home. We think under the evidence presented that this was a case in which the court should have, as a matter of law, instructed the jury that appellant's garden was within the curtilage of his home. Madry v. State, 201 Ala. 512, 78 So. 866, and cases therein cited. In his oral charge however the court submitted this determination to the jury as a question of fact. No objection to the court's charge in this instance was reserved however.

It further appears that in the course of his charge the court instructed the jury as follows: "Where two people engage in a simple difficulty and what I mean by a simple difficulty is a difficulty in which no deadly weapon is used upon the party upon whom such an assault is being made, that is a simple assault—an assault in which no deadly weapon is being used. If the two persons are engaged in such a difficulty as that, then the party upon whom such a simple assault is being made has the right to stand his ground and use such force as would be reasonably necessary to protect himself against this simple assault then and there being made upon him, provided he was free from fault in the first instance. If a person is committing a simple assault on another, that is, an assault in which no deadly weapon is being used, under no circumstances would the party be permitted to use a deadly weapon against a simple assault—under no circumstances would he be permitted to use a deadly weapon in protecting himself against the simple assault, even though he might have been free from fault in bringing on the difficulty with his adversary in the first instance. What I mean to tell you, if just a simple assault is being made by one person upon another, the person upon whom assault is being made is not entitled to use a deadly weapon, even though the party may have

been free from fault in bringing on the difficulty in the first instance."

 We do not think the above instruction a correct statement of the law, and in accord with the principle stated in Davis v. State, 214 Ala. 273, 107 So. 737, 740, to the effect that: "Ordinarily, one may not repel the attack of an unarmed man by killing him, for ordinarily, such an attack does not furnish reasonable ground for the apprehension of great or grievous bodily harm, but it does not follow that in every such case the great bodily harm which the law of self-defense contemplates can never be inflicted by blows with hands or feet. That may depend upon circumstances, such as great disparity between the parties in the matter of physical power or other peculiar conditions."

The circumstances and physical disparity between appellant and deceased bring this case squarely within the operation of the above principle. However, again no objection was reserved to this portion of the court's oral charge and it therefore furnishes no basis for determination of error. We have set it out however as it bears upon the refusal of certain written charges requested by the appellant which were refused by the court.

Charges 10 and 17 requested by appellant in writing should have been given. These charges are not covered in the oral charge of the court, nor in other written charges given at appellant's request. These charges have been approved by this court and the Supreme Court in numerous cases, and their refusal held error. Higdon v. State, 25 Ala.App. 209, 143 So. 213; Bailey v. State, 22 Ala.App. 531, 117 So. 505, and cases therein cited. In Bailey v. State, supra, it is stated: "This charge was refused. This charge should have been given. It did not profess to set out the ingredients of self-defense, but dealt only with the question as to whether great bodily harm threatened is equal to life threatened, so as to justify the use of force." In view of the statements in the court's oral charge set out above the propriety of this charge in this case is in our opinion particularly significant.

Refused charge 14 is identical with and covered by given charge 13.

Refused charge 15 is substantially the same as charge 2 considered in the case of Glass v. State, 201 Ala. 441, 78 So. 819, except that charge 2 in the Glass case embraced the elements of retreat. Since this homicide occurred in the curtilage of appellant's home, failure to embrace the element of retreat in charge 15 should not render it inefficacious in this case. See also Smith v. State, 230 Ala. 18, 158 So. 808, for a further discussion of this charge. In our opinion the refusal of charge 15 in this case was erroneous.

Refused charge 16 states a correct principle of law. Davis v. State, supra. We would not hold its refusal error, however, except for its explanatory nature in light of the above mentioned statements contained in the State's oral charge. Such statements in our opinion compel the conclusion that the refusal of charge 16 in this case constituted error.

In our opinion refused charges 19 and 20 were adequately covered by the court's oral charge, and no error resulted from their refusal.

For the errors above pointed out it is our opinion that this cause must be reversed and remanded. It is so ordered.

Reversed and remanded.

BRICKEN, P. J., not sitting.