148 So.2d 240

**ALBRIGHT AND WOOD, INC.**

v.

**Rita WALLACE.**

I Div. 858.

Supreme Court of Alabama.

Oct. 25, 1962.

Rehearing Denied Jan. 10, 1963.

Johnston, McCall & Johnston, Mobile, for appellant.

Diamond, Engel & Lattof, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from judgment for plaintiff, on the verdict of a jury, in action for personal injury.

■ Assignment 4 asserts that the court erred in overruling defendant's objection to plaintiff's challenge of juror Williams for cause as follows:

"Court: Now the plaintiff is represented by Mr. Ross Diamond and Mr. Mitchell Lattof. The defendant is represented by Johnston, McCall and Johnston. Dan McCall and Bill Johnston are here today trying this case for defendant. Are any of you gentlemen clients of these lawyers or related by blood or marriage to any one of those lawyers I have mentioned?

"Benjamin D. Williams: I am. The firm I am employed by is represented by Mr. Dan McCall.

"Mr. Lattof: I challenge Mr. Williams for cause.

"Mr. McCall: I object to that. That is not sufficient reason for such challenge.

"Court: Overrule the objection.

"Mr. McCall: We except."

All that the record shows, even when viewed most strongly against the qualification of juror Williams, is that he was, at the time of the instant trial, a client of one of the attorneys for defendant.

This court has said: "There is no statute in Alabama, nor rule of common law, which make a juror subject to challenge for principal cause, for the reason that he had employed *a party to the suit* as an attorney in some other case in court, or that the juror was engaged in a business similar to that involved in the pending controversy. Such matters do not import absolute bias or favor." (Emphasis supplied.) Brown v. Woolverton, 219 Ala. 112, 115, 121 So. 404, 406, 64 A.L.R. 640.

If a juror is not subject to challenge for principal cause when he is client of the party himself, certainly the juror is not subject to challenge for such cause when he is client, not of the party, but of the party's attorney merely. Under the quoted rule, juror Williams was not subject to challenge for principal cause.

■ The only remaining ground for disqualifying juror Williams is that he be subject to challenge to the favor. "A challenge for favor or bias is to be determined by the trial court as any other question of fact, tried without a jury, and is reviewable on like principles. (Citations omitted.) The decision of the trial court on such question founded on oral evidence is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion. (Citation. omitted.)" Brown v. Woolverton, supra, at page 115, 121 So. at page 406.

The question then is whether the facts shown as to juror Williams proved favor or bias in fact. The record shows no facts other than as above set out. There is no evidence to support a finding that Williams was in fact biased in favor of or against either party. As a result, a finding that Williams was disqualified is clearly erroneous, and overruling defendant's objection to plaintiff's challenge for cause was error.

■ We are not persuaded that this action was error without injury. Under our system of selecting a jury in a civil case, the clerk furnishes a list of jurors from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing. § 54, Title 30. It would scarcely be contended that a party was not prejudiced if the opposite party, on his first strike, were permitted to begin by striking two names instead of one, and thereafter the parties struck one each. Such is the result of sustaining plaintiff's challenge to juror Williams. The effect is to allow plaintiff one strike more than the statute gives him.

Whether the trial be in a circuit with more than two judges or not makes no difference. In either case, the challenger is enabled to eliminate the unwanted juror without using a strike, although the juror is not disqualified.

What was said in an earlier case involving striking a jury seems appropriate here, to wit:

"With respect to the nonapplication of rule of practice 45 to this case, it is not the policy of this court to apply that wholesome and useful rule in such a way as to nullify positive laws which can be upheld only by their compulsory observance." Brilliant Coal Co. v. Barton, 203 Ala. 38, 40, 81 So. 828, 830.

■ Assignment 5 asserts that the court erred in allowing plaintiff to challenge for cause the juror Ledyard, as follows:

"Mr. Lattof: I'd like the jury questioned as to whether any of them is an

agent, servant or employee of the United States Casualty Company, the insurance carrier for defendant.

"Court: Are any of you gentlemen employed by or connected in any way with the United States Casualty Company?

"Mr. Austin E. Ledyard III: I am bonded by them.

"Mr. Lattof: I challenge Mr. Ledyard.

"Mr. McCall: I object to that.

"Court: Overrule.

"Mr. McCall: We except.'

Here again we are faced with the question whether or not the juror is subject to challenge for principal cause or to the favor. We have not found nor have we been cited to any case considering the question whether a juror is subject to challenge because he is "bonded" by a party directly interested in the result of the suit.

The exact relation between the Casualty Company and Ledyard does not appear. Whether he is principal on a bond executed by the Casualty Company as surety, or whether he is obligee for whose benefit the bond was executed by the Casualty Company does not appear. His statement, that he is bonded, in ordinary usage could mean either situation. Whichever is the case, however, his relationship to the Casualty Company, on breach of condition of the bond, would seem to become that of debtor or creditor. If he is principal and defaults, he might become debtor; if he is obligee he would become creditor if the condition of the bond should be broken. Thus it seems that the juror's qualification or disqualification, to serve as juror in a case in which the Casualty Company is directly interested, would rest on the same considerations as those which determine the qualification or disqualification of debtor and creditor.

As to that relationship this court has said:

"* * * The law on this subject is, we think, correctly stated as follows:

" 'In the absence of a statute, the fact that a juror sustains the relationship of debtor or creditor to a party to an action does not disqualify the juror to act, unless such juror is at the party's mercy or has been treated with particular indulgence by him. So, the mere fact that a person is a depositor in a bank does not, ipso facto, disqualify him to serve as a juror in cases where the bank is interested, or is the injured party in a criminal prosecution. But, under certain circumstances, his interests might be so affected by the transactions out of which the cause arose as to disqualify him.' 35 Corp. Jur. 322, § 337.

"Numerous well-considered decisions support this text, and the following are immediately in point. Elliott v. State, 77 Fla. 611, 82 So. 139; Twitchell v. Thompson, 78 Or. 285, 153 P. 45; Thompson v. Douglass, 35 W.Va. 337, 13 S.E. 1015. See, also, Webb v. Town of Eutaw, 9 Ala.App. 474, 476, 63 So. 687, where the reasoning in denial of the disqualification of a trial judge is strongly in point.

"From such a relationship alone the law raises no implication of bias. Bias vel non is a question of fact to be determined by the trial court, and the burden of proof is on the party who challenges the juror. If it had been made to appear that the threatened judgment of $6,000 against the defendant bank would have shaken its solvency, and thereby have threatened the safety of the acounts of its depositors, these jurors would have had a material interest in the result of the suit, and would have been fairly subject to the challenge for cause. But no such showing was made. * * *" Van Derslice v. Merchants' Bank, 213 Ala. 237, 240, 241, 104 So. 663, 666.

In the instant case, no showing is made that the juror Ledyard is pecuniarily in-

terested in the result of this suit. It is not made to appear how he would be affected, or that he would be affected at all, if plaintiff or defendant be successful. There is no evidence to prove bias or favor in fact. Thus it does not appear that he was subject to challenge either for principal cause or to the favor, and overruling defendant's objection to plaintiff's challenge of Ledyard was error for the same reasons which apply to Assignment 4.

It may be well to note that the question here is as to the qualification of jurors and not as to the right of a party to have the jury interrogated for the purpose of obtaining information so as to exercise the right to strike intelligently.

For these errors the cause must be reversed and remanded. Other errors argued will probably not occur on another trial so we pretermit discussion of them.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.