236 So.2d 728

**Earl MESSER, alias**

**v.**

**STATE.**

**4 Div. 12.**

Court of Criminal Appeals of Alabama.

May 12, 1970.

· MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

J. Fletcher Jones, Andalusia, for appellant.

PRICE, Presiding Judge.

This appellant has been convicted of assault with intent to murder Walter Whitehurst.

The State's evidence tends to show that two policemen for the City of Andalusia, Officers Whitehurst and Clark, answered a radio call to the residence of the Defendant, Raymond E. Messer. Messer was standing on the porch. His wife shouted, "Look out, he's got a gun." Officer Whitehurst asked Messer to put the gun down and come out and talk to him. Messer replied that he would not and invited the officers to get out and come and talk to him. Officer Whitehurst made a move to open the car door. Defendant pointed this gun toward the car. Whitehurst told Messer he was under arrest for threatening an officer with a gun, whereupon Messer stated, "I'll kill you Whitehurst, before you take me in." At this point Messer fired the shotgun in the general direction of the police car. The officers returned the fire and Messer fired another shot, seriously wounding Mr. Whitehurst, who was inside the car.

The defendant's wife testified as a witness for her husband. On cross examination, over defendant's strenuous objections, she was permitted to testify that on a prior occasion her daughter had called the police to her home to take the gun

from her husband; that the police came on that occasion but she believed her daughter took the gun out of his hand, but that witness had signed something at that time which she "reckoned" was a warrant for his arrest. This was evidence of an offense separate and distinct from the one charged in the indictment and for which the defendant was on trial. It had no legitimate tendency to shed light on motive, intent, scienter or identity, so as to directly establish defendant's guilt of the charge against him. Williams v. State, 245 Ala. 32, 15 So.2d 572; Garner v. State, 269 Ala. 531, 114 So.2d 385.

Defendant relied on self-defense as justification for the shooting. In its oral charge, the court, instructed the jury as follows:

"Now I told you that the defendant entered a plea of not guilty by reason of self-defense. That plea is an affirmative plea, and the burden rests upon the defendant to reasonably satisfy you from the evidence as distinguished from your having to be satisfied beyond a reasonable doubt. The burden is upon the defendant to reasonably satisfy you from the evidence as to the truth of each and every material allegation contained in his plea of self-defense, or each element of the plea of self-defense."

The defendant duly reserved an exception to this portion of the court's charge.

This was an erroneous instruction, constituting reversible error.

Lester v. State, 270 Ala. 631, 121 So.2d 110; Pounders v. State, 282 Ala. 551, 213 So.2d 394.

The judgment is reversed and the cause remanded.

Reversed and remanded.