243 So.2d 770

Ralph Patterson HARRIS

v.

STATE.

7 Div. 19.

Court of Criminal Appeals of Alabama.

Sept. 1, 1970.

Rehearing Denied Oct. 6, 1970.

James S. Hubbard, Anniston, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

· Murder, second degree: sentence 15 years.

## I

Harris shot one Henderson to death with a pistol. The major factual dispute was whether the shooting was in self-defense.

■■ In a dispute as to whether or not the defendant has acted in self-defense, its resolution is one of fact finding for the jury, under proper direction as to the law. See Messer v. State, 45 Ala.App. 718, 236 So.2d 728 and Lester v. State, 40 Ala.App. 503, 121 So.2d 107. Moreover, even if the State's proof is silent as to self-defense, the jury still has the prerogative to convict because they do not believe the defense witnesses. Cooley v. State, 233 Ala. 407, 171 So. 725(14); Kemp v. State, 278 Ala. 637, 179 So.2d 762(4).

## II

Trial began March 10, 1969. On qualifying the jury, defense counsel posed the following two questions:

" 'Are any of you ladies and gentlemen of the jury panel now or have you been in the past clients of Mr. R. Clarence Williams, the District Attorney in this case or of Mr. W. C. (Bill) Daniel, the Assistant District Attorney in this case?' and

" 'Have either of these gentlemen done any legal work of any kind for any of you, and if so, would you please make it known to us?' "

According to the proof made to support the motion for new trial, one of the venire, James A. Griffith, did not respond. He was not struck and, hence, served on the jury which convicted Harris. He was foreman.

On February 15, 1969, Griffith signed a proof of claim on behalf of General Sales Co., Inc. as its president. The docket sheets of the Intermediate Civil Court of Calhoun County showed that on January 31 and February 10, 1969, two suits were filed by General Sales Co., Inc. In both Mr. Daniel was attorney for this corporation.

Mr. Daniel testified on the motion for a new trial:

"Q Now, it's alleged in the motion that there was a case, Civil Case No. 4076, in the Intermediate Court of Calhoun County, in which General Sales Company was the plaintiff, against Jeffie Lee Carr and Mary A. Carr, did you file that case?

"A No, sir; I didn't. That suit was pending.

"Q When did you subsequently try that case, if you did?

"A Yes, sir; I did.

"Q And when was that?

"A It was in the latter part of April, of this year.

"Q  It's also alleged that in Civil Case No. 4047, in which the General Sales Company, Incorporated, was the plaintiff and Charles Towns was the defendant. Did you file that suit?

"A  No, sir.

"Q  And has that suit—did you appear in Court on that suit?

"A  No, sir; that suit was settled."

And on cross (in part):

"Q  I see. Well, with whom if anyone, did you make an appearance with for General Sales Company?

"A  I didn't make one—I didn't make any appearance at that time. I entered my appearance on the record sometime the first of March, because that's when I started drawing my retainer from General Sales Company.

"Q  And that was the 1st of March.

"A  Sometime in the first week of March—I entered my appearance down there on their case. Mr. Calvin Barker brought me to file—to file.

"Q  All right, sir. Now, Mr. Daniel, I'll ask you if you know who pays the rent for General Sales Company at 1330 Quintard?

"A  No, I don't.

"Q  But, do you or do you not know that General Auto Sales is in one—operated in the same office building as General Sales Co.

"A  No, sir; I don't know that, because I haven't been there.

"Q  Have you noticed any papers where automobiles would be sold in General Auto Sales and then be transferred the same few minutes to General Sales Company?

"A  No, sir; I haven't done any business for them except these two cases.

"Q  And have you, then, observed since about the 1st of March any financial statements or papers transferred by General Auto Sales, managed by Mr. James A. Griffith, and in a few moments later transferred to General Sales Company and signed at First National Bank, by James A. Griffith as president?

"A  No, sir; I have never—

"Q  You haven't.

"A  I have never seen one.

"Q  And now, who—you just assumed your general retainer check was from General Sales Company—

"A  Yes.

"Q  Do you recall who signed the check for your retainer, if you were paid by check?

"A  No, sir; I was paid by check, but I don't know who signed it."

The trial judge denied the motion for new trial. Ground 28 thereof was the only one on which proof was laid before the court.

■ We are disinclined to revise the ruling of the trial judge because:

1. There was no showing that General Sales Co., Inc. was a hip pocket corporation belonging to Mr. Griffith;

2. Mr. Daniel's testimony was not inherently incredible; and

3. Absent a statute (compare Code 1940, T. 30, § 55), a challenge for cause would not avail because of an attorney-client relationship between a party's lawyer and a prospective juror.

We do not approve of Mr. Griffith's silence. However, we do not consider that the trial judge erred to reversal.

In Redwine v. Fitzhugh, 78 Wyo. 407, 329 P.2d 257, 72 A.L.R.2d 664, we find:

"We fail to find a single case where it has been expressly held that it is re-

versible error to overrule a challenge for cause because the relation of attorney and client existed between an attorney in the case and the prospective juror challenged for that cause, excepting, of course, in those cases where statutes made it mandatory. This leaves little doubt but that in the absence of such a statutory provision, any bias or prejudice arising from that relation raises, at the most, only a rebuttable presumption, and that the fairness and impartiality of the juror is a matter of fact to be determined by the trial court in the exercise of its sound discretion. * *."

Here we consider ourselves conformed stare decisis by Brown v. Woolverton, 219 Ala. 112, 121 So. 404, where, under facts somewhat like those found here, the court said per Foster, J.:

"There is no statute in Alabama, nor rule of common law, which makes a juror subject to challenge for principal cause, for the reason that he had employed a party to the suit as an attorney in some other case in court, or that the juror was engaged in a business similar to that involved in the pending controversy. Such matters do not import absolute bias or favor.

"The question therefore was whether the facts shown proved favor or bias in fact. That was heard and determined against appellant on oral evidence. We are not willing to hold that the inference drawn by the trial judge was erroneous."

See also Albright & Wood, Inc. v. Wallace, 274 Ala. 317, 148 So.2d 240.

Under Rose v. Magro, 220 Ala. 120, 124 So. 296, bias in fact is subject to proper voir dire examination so as to enable a party to exercise his peremptory challenges (or in criminal cases his strike privileges) intelligently where absolute bias will not support a challenge for cause. Again in Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247, we find:

"Our courts have held that the concealment by a juror of information called

for in voir dire examination need not be deliberate in order to justify a reversal, for it may be unintentional, but insofar as the resultant prejudice to a party is concerned it is the same. Leach v. State, 31 Ala.App. 390, 18 So.2d 285."

Had the qualifying interrogatories been phrased so as to embrace corporations in which members of the venire held substantial interests with prospective personal benefit, possibly we would have been presented with a different question.

### III

▇ The court below refused requested written Charge 38, which reads:

DEFENDANT'S JURY CHARGE NO. 38.

"The Court charges the jury that it is not necessary that the danger to the defendant have been an actual danger of great bodily harm to justify the use by him of a deadly weapon. It is enough that it be an apparent immediate danger; such an appearance as will induce a reasonable person in defendant's position to believe that he was in immediate danger of great bodily harm. Upon such circumstances the party may act with safety; nor will he be held accountable though it would afterwards appear that the indication upon which he acted was wholly fallacious, and that he was in no actual peril. The rule in such a case is this: What would a reasonable person, a person of ordinary caution, judgment, and observation, in the position of the defendant, seeing what he saw and knowing what he knew, honestly believe from the situation and these surroundings? If such reasonable person so placed, would have been justified in believing himself in imminent danger; then, the defendant would be justified in believing himself in such peril, and in acting upon such appearance."

This charge adopts part of Charge 15 approved in Holland v. State, 24 Ala.App.

199, 132 So. 601, and Charge 10 in Brown v. State, 33 Ala.App. 97, 31 So.2d 670. However, in Petty v. State, 40 Ala.App. 151, 110 So.2d 319, where Charge 8 was disapproved, we overruled *Holland,* supra, on this point. In Griffin v. State, 284 Ala. 472, 225 So.2d 875, the Supreme Court quoted Judge Harwood in *Petty,* supra, with approval.

There was no error in refusing Charge 38.

## IV

■ Charge 43, refused, reads:

"DEFENDANT'S JURY CHARGE NO. 43.

"The Court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are they do not come up to the full measure of proof, which the law requires, if they can be reasonably reconciled with the theory that the defendant is innocent."

Of a similar charge in a non-circumstantial evidence case, we wrote in Johnson v. State, 42 Ala.App. 511, 169 So.2d 773:

"Though refusal of this charge [8] was not reversible error in Morgan v. State, 20 Ala.App. 331, 102 So. 236 (charge E), it has been approved in Wilson v. State, 243 Ala. 1, 8 So.2d 422 (charge 51) and Bryant v. State, 116 Ala. 445, 23 So. 40. Perhaps the factor that so little of the State's case derives from circumstantial evidence makes refusal of this charge harmless." (bracketed material added)

Here refusal of Charge 43 was free of error.

## V

■ Charge 55, as to there being no duty to retreat when at home, was plainly inappropriate: this killing·occurred in a gambling place. Moreover, the court gave a parallel charge as to no duty to retreat in one's place of business.

## VI

■ Charge 4 reads:

"DEFENDANT'S JURY CHARGE NO. 4

"A man has the right to use such reasonable force as may be necessary, under the circumstance by which he is surrounded, to defend himself from great bodily harm, that he has to prevent his life being taken; and he may excusably use this necessary force to repel any felonious assault."

Its refusal was without error because the trial judge gave defendant's Charge 1, which was verbatim Charge 10 approved in Doswell, 34 Ala.App. 546, 42 So.2d 480. See Code 1940, T. 7, § 273, 4th sent., which reads:

"* * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * *."

## VII

Refused Charge 41 was otherwise covered.

We have carefully reviewed the entire record as to each ruling below which was adverse to appellant and consider that the judgment below is due to be

Affirmed.

PRICE, Presiding Judge (concurring). I am of opinion defendant's requested instructions numbered 38 and 4 were properly refused for the further reason that they are

mere statements of legal principles, without instructions as to their effect upon or application to the issues in the case. Page v. State, 41 Ala.App. 153, 130 So.2d 220; Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193.

CATES and ALMON, JJ., concur in the above.