337 So.2d 13 (1976)
Linda Louise TATE
v.
STATE.
1 Div. 699.
Court of Criminal Appeals of Alabama.
August 31, 1976.
*16 T. M. Brantley, Bay Minette, for appellant.
William J. Baxley, Atty. Gen., and Joel E. Dillard, Asst. Atty. Gen., for the State.
RILEY P. GREEN, Circuit Judge.
Appellant was indicted for murder in the first degree, tried and convicted of murder in the second degree with sentence by the jury at fifteen years imprisonment.
The jury was polled. Each separate juror affirmed that the verdict was the verdict of the twelve jurors.
There was no motion for new trial, but there was a request for the affirmative charge.
The victim of the homicide was the appellant's husband, Ernest Tate. The homicide occurred on Sunday, August 24, 1975, in the police jurisdiction of the City of Fairhope. The deceased was a member of the Fairhope Police Department. He was not on duty when he received five .38 caliber bullets from his 6-shot police revolver creating ten entrance and exit wounds to his body. All bullets entered the body from the right side. The bullet which probably caused instant death entered the right side of the head and passed through the brain. The deceased was found with his upper body on the ground with his legs through the open left door with his feet in the floor of the driver's side of the automobile.
We have carefully considered the entire record under Title 15, Section 389, Code, including all of the testimony, even though no lawful objection was made, and find none prejudicial to the rights of the appellant.
Appellant urges reversible error from objections being sustained to several questions propounded to witnesses Ida Martin and Jerry Wainwright. The evidence sought to be elicited was subsequently received and heard by the jury notwithstanding the rulings by the Court. If there was any error in sustaining the original objections, which we don't concede, it was corrected by subsequently admitting the evidence by further questions to the witnesses Martin and Wainwright, and by appellant's own testimony which was not disputed. 7 Alabama Digest, Criminal Law, 1170(2).
The verdict is amply supported by the evidence. In fact, appellant voluntarily testified she shot her husband while he was seated in his parked automobile on a public street; that she was scared of the deceased and she got his revolver from their residence and drove approximately two miles to the scene of the homicide; that she parked her automobile near his automobile and opened the door on the passenger's side of the deceased's automobile but did not get in the automobile; that they cursed one another; that they passed quite a few licks, but she never got entirely inside the automobile; that she did not know why she removed the pistol from her purse and shot him while she was outside of the automobile; that she might have lost her head, and when she came to her senses, she was in jail. Under the evidence, the issue as to the appellant's guilt was clearly for the jury's determination. The evidence was not only sufficient to take the case to the jury on first degree murder, but was sufficient to support the verdict returned. The refusal of Charge 9, affirmative in nature, was proper and without error.
The trial judge clearly and fully expounded the applicable law in its oral charge to the jury, to which no exception was taken. Counsel representing appellant on this appeal represented her on trial. It is insisted that reversible error is made to appear in refusing all charges requested by appellant. Many charges refused were identical to forms cited in Jones, Alabama *17 Jury Instructions. Requested charges must be acted upon by the trial judge in the terms in which they are written. Title 7, Section 273, Code. The fact that a written instruction is copied from an opinion of an appellate court does not assure its acceptability. Hanby v. State, 39 Ala.App. 392, 101 So.2d 553 (1957). Each charge has been considered in view of the evidence. We find no ground for reversal.
The appellant requested the following charges, which were refused:
"A. I charge the jury that your verdict must be unanimous, if any member of the jury has a reasonable doubt as to the guilt of the Defendant you cannot reach render a verdict at all but must mis-try the case.
"1. The Court charges the jury that, if there was sufficient provocation to excite certain passion and Linda Tate acted under such passion, then the presumption is that passion disturbed the sway of reason and made her regardless of her act; and if the jury believes this from the evidence, they should not find the Defendant guilty.
"2. The Court charges the jury that, if the killing in this case was without malice, the Defendant would not be guilty of a higher grade of offense than manslaughter in the first degree, even though she was not wholely excusable.
"3. I charge the jury that, if you believe from the evidence in this case that on the occasion of the deceased's death the Defendant became so frightened that she was unable to avoid shooting the Deceased and that the shooting would have been averted had the Defendant not become frightened and the deceased's death was the sole proximate result of the Defendant's becoming frightened and losing control of herself, you must find the Defendant not guilty.
"4. If any of the witnesses for the State have exhibited or admitted bias, prejudice, anger or ill will against the Defendant; or, from the evidence in this case you find such bias, prejudice, anger or ill will on the part of all or any of the State's witnesses, and if these things when considered in connection with the other evidence in this case creates in your minds a reasonable doubt of the Defendant's guilt, you should acquit.
"5. The Court charges the jury that, if you find from the evidence in this case that the deceased first used verbal insult toward the Defendant without provocation and then assaulted the Defendant, the Defendant had the right to defend herself from aggression on the part of the deceased; and, if you find the Defendant did not fight willingly and had no reasonable means of escape without increasing her real or apparent danger and if you find that under the circumstances existing at the time the Defendant shot she honestly believed that she was in imminent danger to her life or limb and the conditions at that time were such as would have impressed upon the mind of a reasonable person that there was imminent danger, though there was no such danger in fact, but that it was only apparent, the Defendant would have been justified in shooting the deceased.
"6. The Court charges the jury that, if you believe from the evidence that the killing in this case resulted from heat of passion engendered by the deceased's activities in relationship with another woman and that the killing resulted solely from anger or heat of passion so engendered, the Defendant can not be convicted of murder.
"7. The Court charges the jury that it is the duty of the jury to consider the evidence tending to show a justifying motive in connection with the other evidence in this case and if they are in reasonable doubt of her guilt, you should acquit Linda Tate.
"8. The Court charges the jury that, if you are reasonably satisfied from the evidence that Linda Tate was free from bringing on the difficulty between herself and the deceased, that there was present a necessity either real or apparent to shoot her husband to protect herself *18 from either real or apparent danger and she had no other reasonable means of escape from such danger, she was justified in shooting him and you must find her not guilty.
"9. The Court charges the jury that, if you believe the evidence in this case, you must find the Defendant not guilty.
"10. The Court charges the jury that, in determining whether the Defendant was in fact frightened by the deceased, you should consider the relative size of the deceased and the Defendant and whether or not the deceased had heretofore abused the Defendant and the degree of such abuse.
"11. The Court charges the jury that, if the killing was a result of a sudden blow which aroused the Defendant to sudden action or if you have reasonable doubt as to whether the killing was a result of passion suddenly aroused by a blow from the deceased, then you can not find the Defendant guilty of murder.
"12. If the jury believes from the evidence that the deceased was of a violent character, you are to take such evidence into consideration in determining the degree of the Defendant's guilt providing you find her guilty.
"13. I charge you, gentlemen of the jury, that if one of your number has a reasonable doubt of defendant's guilt, you cannot convict defendant.
"14. The Court charges you, gentlemen of the jury, that, if, upon considering all the evidence, you have a reasonable doubt about the guilt of the defendant, arising out of any part of the evidence, you must find the defendant not guilty.
"If the evidence, or any part thereof, after a consideration of the whole of such evidence, generates a well-founded doubt of defendant's guilt, the jury must acquit her.
"15. The court charges the jury, if, after considering all the evidence in the case, that tending to show guilt, together with that tending to show innocence, there should spring up involuntarily in the minds of the jury from any part of the evidence a probability of the innocence of the defendant, the jury must acquit.
"If the evidence in this case convinces the jury that there is a probability of the defendant's innocence, then your verdict should be not guilty.
"16. The Court charges the jury that the indictment in this case is not any evidence in the case, and the fact that defendant has been indicted is not to be considered by you as a circumstance against her, but said indictment is merely the method of placing defendant on her trial, but the presumption of innocence attends the defendant throughout this trial and remains with her and authorizes an acquittal, if the entire testimony fails to overcome said presumption, by proof of defendant's guilt beyond a reasonable doubt.
"17. The Court charges the jury that the innocence of defendant is presumed until her guilt is established by the evidence in all the material aspects of the case beyond a reasonable doubt, to a moral certainty, and it may also be said that evidence of guilt must be strong and cogent, and unless it is so strong and cogent as to show that defendant is guilty to a moral certainty, defendant should be acquitted.
"18. It is the duty of the State to prove every material fact charged in the indictment to a moral certainty, and to satisfy the mind of the jury of the defendant's guilt beyond all reasonable doubt, and if they have failed to do this, and the jury can account for the defendant's innocence upon any reasonable hypothesis, in view of all the evidence, then they should find her not guilty.
"19. Each one of the jury must believe beyond a reasonable doubt that the defendant is guilty. Yet, it does not follow that the defendant should be acquitted unless each one of you believe beyond a reasonable doubt that the defendant is guilty; for, if one of several of you believe beyond a reasonable doubt that the defendant is guilty, and one or more of you entertain a reasonable doubt of her *19 guilt, there could be no verdict, but a hung jury; in other words, it takes 12 of you to believe beyond a reasonable doubt that the defendant is guilty before you can convict her and if either one of you doubt that question you cannot convict her."
Charges A, 13 and 19 were correct statements of law. The jury was polled and it was not error to reverse where the trial court in its oral charge informed the jury that its verdict must be unanimous. Tooson v. State, 56 Ala.App. 613, 324 So.2d 327 (1975).
Charge 1 is incorrect, incomplete, invasive of the province of the jury, and directs a verdict for the defendant on all degrees of homicide embraced in the indictment without consideration of any lesser included offense. It was refused without error.
Charge 2 was fairly and substantially covered in the oral charge resulting in no prejudicial error by its refusal. Title 7, Section 273, Code 1940.
Charge 3 was properly refused for many reasons. It is an inaccurate statement of law; it invaded the province of the jury by confining them to a consideration of part of the evidence, and is misleading by use of "sole proximate result".
Charge 4 is a correct statement of the law. In this case, the charge is abstract and was properly refused for the same reasons as given in Rhoden v. State, 49 Ala. App. 605, 274 So.2d 630 (1973).
Charge 5 refused to the defendant was not argued in brief as error. Its refusal was not prejudicial since the law of self-defense was adequately covered by the trial court in his oral charge.
Caldwell v. State, 203 Ala. 412, 84 So. 272 (1919), is not considered apt authority for the giving of Charge 6. Charge 6 is inaptly drawn, erroneous, and calculated to mislead the jury because it leaves them to infer that merely being in the presence of another woman by the deceased would amount to sufficient provocation for killing. The charge is not predicated upon sudden passion or adequate provocation such as an assault actually committed on the appellant or the immediate killing of a spouse after finding the other spouse in the act of adultery. Davis v. State, 214 Ala. 273, 107 So. 737 (1926); Sheppard v. State, 243 Ala. 498, 10 So.2d 822 (1943).
Conceding that Charge 7 was approved in Dennis v. State, 118 Ala. 72, 23 So. 1002 (1897), we are not persuaded its refusal in this case was prejudicial error or how that proposition concerns this case. The corpus delicti and appellant's causation was clearly established by the prosecution and appellant. The evidence was not circumstantial. Appellant admitted she killed her husband while he was seated in his automobile but doesn't know why for she must have lost her head. A good motive will not excuse an otherwise criminal act. Proof of a motive for the crime is not indispensible to a conviction and guilt may be established without motive entertained by an accused. One the criminal act and connection of the accused with it is proved beyond a reasonable doubt, there is no room for speculation as to its nature. Wingard v. State, 247 Ala. 488, 25 So.2d 170 (1946); Rice v. State, 250 Ala. 638, 35 So.2d 617 (1948); McKee v. State, 35 Ala.App. 174, 44 So.2d 777, reversed, 253 Ala. 235, 44 So.2d 781 (1949). We are satisfied the verdict of the jury would not have been different if the charge had been given. There was no evidence which tended to show a justifying motive for the killing. The charge was abstract. 6A Alabama Digest, Criminal Law, 813. For these reasons, its refusal was not error.
Charge 8 was not argued by appellant on appeal. However, the charge was refused without error since it is faulty in that it uses the language "free from bringing on the difficulty," rather than "free from fault," as required by our decision. Francis v. State, 188 Ala. 39, 65 So. 969 (1914); Montgomery v. State, 2 Ala.App. 25, 56 So. 92 (1911).
*20 Appellant cites Doswell v. State, 34 Ala.App. 546, 42 So.2d 480 (1949), as authority for reversible error in refusal of Charge 10. Doswell stated that:
"Ordinarily, one may not repel the attack of an unarmed man by killing him, for ordinarily, such an attack does not furnish reasonable ground for the apprehension of great or grievous bodily harm, but it does not follow that in every such case the great bodily harm which the law of self-defense contemplates can never be inflicted by blows with hands or feet. That may depend upon circumstances, such as great disparity between the parties in the matter of physical power or other peculiar conditions."
The verbiage of the charge is argumentative and properly refused. 11A Alabama Digest, Homicide.
The first alternative of Charge 11 predicates acquittal of murder if the killing resulted from a sudden blow arousing the appellant to sudden action. Homicide may be committed in the heat of passion suddenly aroused by a blow, and yet be done maliciously. Suddenly aroused passion and malice may coexist, and both cause the act. The resulting homicide is murder and not manslaughter. The trial judge in part stated to the jury:
"In order for a homicide to be reduced from murder to manslaughter, there must be no malice in the killing. In other words, it must not be a malicious killing. If the killing is malicious, even if it is done in the heat of passion, it is murder. Even if a killing is done in the sudden heat of passion, excited by sufficient provocation, if there is malice in it, it is murder. And if deliberation and premeditation are present, then it is murder in the first degree. Anger and rage do not reduce an unlawful killing from murder to manslaughter if it has the other elements which are necessary to constitute murder. But if a killing is done in a sudden heat of passion, and this passion is excited by sufficient provocation such as blow or a threatened blow, and the killing is without malice, then it is manslaughter in the first degree."
No prejudicial error to the appellant resulted in refusal of the entire charge.
The refusal of a charge in McMillon v. State, 37 Ala.App. 690, 74 So.2d 728 (1954), similar to Charge 12, was held reversible error. Even if it be conceded that, under the evidence pertaining to self-defense, the appellant was entitled to show the character of the deceased was that of a violent and bloodthirsty man, an inquiry of this character must relate to reputation. It is not permissible to show specific acts of conduct. Stokely v. State, 254 Ala. 534, 49 So.2d 284 (1950). In each case cited in McMillon as authority for the propriety of the charge refused, there was before the court evidence of general reputation of the deceased for being violent. In the instant case, there is no evidence that the deceased bore such character in the community in which he lived. And while there is evidence tending to prove the deceased during the marriage to appellant had struck the appellant, and on an occasion shot at appellant, this is not such evidence that the deceased bore a violent character, generally. Sanderson v. State, 28 Ala.App. 216, 181 So. 506 (1938). The charge was properly refused as abstract and misleading under the evidence.
Charge 14 was refused without prejudicial error for the oral charge of the court fairly and adequately covered the refused charge. Landrum v. State, 38 Ala. App. 85, 76 So.2d 349 (1954), contains no statement of law supporting the validity of the charge as argued by appellant.
The verbiage of the first paragraph of Charge 15 was said in Smith v. State, 182 Ala. 38, 62 So. 184 (1913), to be subject to "hypercriticism". The second paragraph of the charge has had a checkered career and the refusal of such is not reversible error. Stokely v. State, supra. The oral charge of the court explained that the appellant must be acquitted or found not guilty of the homicide embraced in the indictment unless shown guilty beyond a reasonable doubt. There was no error in refusing the entire charge as requested. Little v. State, 34 Ala.App. 114, 39 So.2d 587 (1948).
*21 Refused Charge 16 was not argued on appeal. The subject matter was fairly and substantially covered in the oral charge.
Charge 17, though not argued on appeal, was properly refused on authority of Wilson v. State, 243 Ala. 1, 8 So.2d 422 (1942).
Charge 18 is misleading. The indictment charged appellant with first degree murder. The jury might conclude that the evidence offered by the State failed to show beyond a reasonable doubt all of the essential elements of first degree murder, and they should acquit the defendant entirely. Davis v. State, 152 Ala. 25, 44 So. 561 (1907); Snoddy v. State, 20 Ala.App. 168, 101 So. 303 (1924). Also the use of "all" is too emphatic in favor of the appellant. Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803 (1969); Breazeale v. State, 51 Ala.App. 320, 285 So.2d 130, cert. den. 291 Ala. 774, 285 So.2d 134 (1973). No error to appellant by its refusal.
Appellant submits that fear and fright were the likely reasons causing her to lose control of herself and shoot Ernest Tate. The principle which allows prompt action by one feloniously assaulted by a person who possesses the reputation to be violent and bloodthirsty is confined exclusively to defensive measures, and furnishes no excuse for aggressive action in the absence of an overt act sufficient to impress the mind of a reasonable person that a felonious assault is threatened. It has no application where there is no necessity to defend, or where the necessity to defend has been the product of the slayer. The evidence was without conflict that appellant obtained deceased's revolver from their home and drove approximately two miles and killed the unarmed deceased while he was seated in his parked automobile on a public street by shooting him five times, even though all six bullets were fired; that the shots were fired by appellant through an opened door on the passenger side of the automobile while appellant was outside of the automobile; that prior to the shooting the deceased and appellant argued and passed licks, and that the subject of the argument was the identity of a woman who appellant had seen earlier that day riding with deceased in the automobile in the company of other friends. Even if appellant was not at fault in bringing on the difficulty, there was no evidence from which an inference could arise that she was in present actual or apparent peril of a present felonious assault creating a necessity while armed for deadly combat to kill the deceased. The appellant did not retreat or decline further combat after the licks or argument had concluded in the automobile but willingly used unnecessary force.
Murder is frequently committed during personal encounters into which the parties enter into mutually, or in many cases in which the deceased strikes the first blow. Murderers sometime provoke an intended victim that they may wreak vengeance upon him who is made to appear the aggressor. A homicide thus perpetrated is murder.
Able counsel for appellant has made an earnest appeal for this unfortunate mother of five children who admittedly killed her husband. While we must confess the jury showed appellant mercy, such matters were for the consideration of the jury. If any clemency should now be extended, such an appeal should be addressed to another forum. We merely sit in review with respect to errors on trial. The appellant was entitled to and received a fair trial. We have examined the entire record and find no error to reverse.
The foregoing opinion was prepared by Hon. RILEY P. GREEN, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.