James Leroy Price was indicted by the Coosa County Grand Jury on a two-count indictment charging rape and carnal knowledge of a girl over twelve, but under sixteen years of age.
At arraignment, he was represented by an attorney of his choice and pleaded not guilty. The trial was held before a jury, and the appellant was tried only on the carnal knowledge count. He was found guilty as charged in the indictment and was sentenced to imprisonment in the penitentiary for two years.
The sufficiency of the evidence is not raised on this appeal. Only a brief recitation of the facts will be given.
The evidence presented by the State showed that the prosecutrix was a fifteen-year-old who resided in Goodwater, Alabama, with her father [the appellant], her stepmother and several brothers and sisters. While her stepmother, her sisters, and she were visiting her grandmother on July 23, 1978, the stepmother was informed by the prosecutrix that the appellant had forced her to have sexual relations with him. According to the prosecutrix's testimony, she did not remember the exact date of the incident, but the act occurred about two weeks before a trip to South Carolina. She recalled that her father was teaching her to drive at the time and that he drove to a road near Goodwater and parked. The witness stated that her father told her to get out of the truck, and she testified that:
 "I got out of the truck and I went around on the side of the truck, around on the driver's side, and my daddy came over there and he started taking off my pants and he was pulling my clothes down and I was crying, because I knew what was going to happen.
"Q. How did you know what would happen, Pam?
 "A. Because it had happened before. My daddy pulled down my clothes and we got in the truck, he put me up there, and I was trying to push him away and he just kept forcing me to get in the truck and, when I got in the truck, my daddy tried to have sexual intercourse with me and I was crying and he just kept trying and I was upset and he did."
The prosecutrix recalled that her father first attempted to have sex with her when she was fourteen years old. On that occasion, she had the flu, and her mother and the rest of the family had gone to church. According to the prosecutrix, "[M]y daddy stayed home and I was in bed and I was real sick and my daddy came in there and brought some medicine to me and he tried to do that then, but it didn't happen."
Further, she testified that, prior to the incident in July, 1978, her father had forced her to have sexual relations with him on at least ten occasions.
Doctor John James testified that, on July 25, 1978, he gave the prosecutrix a general physical examination, including a pelvic examination. He stated that his examination revealed "a marital introitus" which was consistent with repeated intercourse.
The appellant did not testify in his own behalf.
 I
The appellant maintains that the trial court erred in granting the State's challenge for cause of juror Robert Wayne Thomas. The testimony regarding disqualification of this juror is found in the following portion of the record:
 "(Whereupon, following qualification of the jury venire, voir dire questions were *Page 886 
asked by counsel, for both sides, during which time, the following proceedings, among others, were had and done:)
 "MR. FRANK TEEL: Are any of you presently being represented on any matter, any legal matter, by Mr. Larkin Radney or the attorney that is in the office with him, Mr. Scears Barnes? Mr. Barnes was here in the courtroom just a few minutes ago.
 "MR. ROBERT WAYNE THOMAS: (The juror raises his hand.) Mr. Radney.
 "MR. FRANK TEEL: Is Mr. Radney presently representing you, Mr. Thomas?
"MR. ROBERT WAYNE THOMAS: In a May action, yes, sir.
 "MR. FRANK TEEL: And he is your attorney at this time in that case?
"MR. ROBERT WAYNE THOMAS: Yes, sir.
 "MR. FRANK TEEL: Your Honor, we would ask that Mr. Thomas be struck for cause, since Mr. Radney is representing him at this time as an attorney.
 "MR. LARKIN RADNEY: That in itself does not show any prejudice.
 "THE COURT: What kind of representation do you have, what is the contract?
 "MR. LARKIN RADNEY: It is a fender bender, I'm defending him on a claim and I'm defending him on a claim and I've got a cross-claim.
"THE COURT: Is it on a percentage basis?
"MR. LARKIN RADNEY: Yes, sir.
 "THE COURT: In other words, you are financially interested, personally, in the outcome of this particular juror's lawsuit?
"MR. LARKIN RADNEY: Yes, sir.
 "MR. WILLIAM R. HILL: Your Honor, this would be similar to a partnership.
 "THE COURT: I sustain the objection and challenge for cause.
"MR. LARKIN RADNEY: Note my objection.
 "MR. WILLIAM R. HILL: May the record reflect the number of jurors present, Your Honor?
 "THE COURT: Sixty jurors present in the courtroom on the jury venire.
 "MR. LARKIN RADNEY: Please note my objection for the record."
The Alabama Supreme Court, in Brown v. Woolverton, 219 Ala. 112,121 So. 404, addressed the issue in question and stated:
 "To justify a challenge for principal cause there must be a statutory ground, or some matter which imports absolute bias or favor, and leaves nothing for the discretion of the court. . . . `Competency under a statute (or for principal cause at common law) is a question of law, but in other cases is a question of fact, or a mixed question of law and fact, to be determined by the trial court in the exercise of a sound discretion, and its decision will not be interfered with, unless clearly shown to have been abused.'" [Citations omitted.]
Addressing the issue of the disqualification of prospective jurors on a challenge for cause, the Supreme Court inGrandquest v. Williams, 273 Ala. 140, 135 So.2d 391, said:
 "The test to be applied has been stated to be that of probable prejudice. Probable prejudice for any reason disqualifies a prospective juror."
The trial court's disqualification of a venireman on a challenge based on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion. Motes v. State, Ala.Cr.App., 356 So.2d 712.
The Supreme Court of Indiana in Klinck v. State,203 Ind. 647, 179 N.E. 549, stated, "In order that a challenge for cause may be sustained on the ground of bias implied from the relation of attorney and client between an attorney for the defendant or for the state and the prospective juror it is necessary that such relation shall exist at the time of the trial in question." The court explained that it was not sufficient to show that the attorney on previous occasions had represented the prospective juror, if, at the time of trial, the relationship of attorney and client had ceased to exist. InKlinck v. State, supra, it did not appear to the court that the relation of attorney and client existed between the prosecuting attorney and the prospective juror at the time of trial. The court said: *Page 887 
 "This is not sufficient to create a conclusive presumption of implied bias which, in law, would disqualify the juror. It, therefore, was a question for determination of the trial court whether the juror was in fact `biased or prejudiced for or against the defendant.'"
In Frank v. United States, 9 Cir., 59 F.2d 670, an appeal from a murder conviction in Alaska, the Ninth Circuit held that the trial court did not err in excusing a prospective juror where it was shown that the relation of attorney and client existed between defense counsel and the prospective juror. Also, in Christiancy v. State, 106 Nebraska 822, 184 N.W. 948, an appeal from a conviction of statutory rape, the Nebraska Supreme Court held that the sustaining of the State's challenge to a prospective juror was not error where the evidence showed that the prospective juror had a case pending in which defense counsel was his attorney. The court added that the juror was soclosely connected with the defendant's counsel that the juror's ability to act impartially was open to question.
In the present case, the voir dire examination of the prospective juror and defense counsel indicated that defense counsel was representing the prospective juror at the time of appellant's trial. Further, the testimony of appellant's trial attorney showed that the representation was a contractual matter "on a percentage basis." Also, the defense attorney acknowledged to the court that he was "financially interested, personally, in the outcome of this particular juror's lawsuit."
These facts indicated a "probable prejudice" or "implied bias" on the part of the prospective juror because of the attorney's contractual employment and because of their mutual pecuniary interest in the outcome of the prospective juror's case. Due to this monetary connection with defendant's counsel, the prospective juror's ability to act impartially and indifferently was improbable. Further, had there been testimony to indicate that the defense attorney's representation of the prospective juror was not ongoing at the time of the appellant's trial, then it would have been a question for the trial court to determine whether the juror was in fact biased or prejudiced for, or against the defendant. See Klinck v.State, supra.
The appellant, in support of his contention has cited Brownv. Woolverton, supra and Albright and Wood, Inc. v. Wallace,274 Ala. 317, 148 So.2d 240. Each of these cases can be distinguished from the present case. In both, Brown, supra, andAlbright and Wood, Inc., supra, the representations by the defense attorneys were of the firms with which the prospective jurors were connected. No personal representations of the prospective jurors themselves were involved. However, in the present case, the prospective juror was represented, personally, by the defense attorney. Under these facts, it was not error to excuse the prospective juror, and the challenge for cause was proper. See Zuck v. Alabama, 588 F.2d 436 (5th Cir. 1979).
 II
The appellant contends that the trial court committed reversible error when it allowed the prosecuting witness to testify to another's unexpressed intent or motive. This particular issue involved the testimony of the prosecuting witness as concerning the reason she delayed complaining to her stepmother about the father's advances. The record concerning this issue reads, in pertinent part, as follows:
 "Q. Pam, why hadn't you told your mother about this before?
 "MR. RADNEY: I object to that, it would be mental operation.
 "MR. HILL: Your Honor, I think this clearly comes under the part of the evidence, I think, under Star and Star . .
 "THE COURT: I overrule the objection, you may state your answer.
"MR. RADNEY: Please note my exception.
"Q. Would you answer my question, please? *Page 888 
 "A. Because I loved my stepmother and I didn't want her to be hurt, because I never knew my real mother and I was afraid that if she got hurt that they would get a divorce and I would lose her too. And my daddy told me, that if I told her, that she would do something about it or say something about it so, I didn't."
The transcript of evidence reflected that, for approximately a period of a year, the father of the prosecutrix had forced her to have sexual relations with him on at least ten occasions. All of these incidents occurred during the time she was fourteen years of age, and none of these incidents had been reported until July 23, 1978. At that time, she had made a complaint to her stepmother. The reason why the victim had not made a timely complaint on an offense which had continued for approximately a year was material to the case. The Supreme Court of Alabama in Starr v. Starr, 293 Ala. 204, 301 So.2d 78, stated: "[A] witness, on direct examination, may testify as to his intention, motive or other physically unexpressed mental state, provided that the testimony is material to the issues in the case."
Under the facts in this case, the reason why a timely complaint had not been lodged was a material fact about which the State could inquire. The victim's testimony indicates the reason why a timely complaint was not made. Under Starr v.Starr, supra, this testimony was admissible to show the prosecutrix's mental operation.
No error has been found in the record, therefore, the judgment of conviction by the Coosa Circuit Court is due to be affirmed.
AFFIRMED.
All the Judges concur.